# WHEELING.

1873.
June Term.

BEATY vs. BALT. & OHIO R. R. Co.

JEREMIAH BEATY, PLAINTIFF IN THE ACTION AND
DEFENDANT IN ERROR, *against* THE BALTIMORE
AND OHIO RAILROAD COMPANY, DEFENDANT IN
THE ACTION AND PLAINTIFF IN ERROR.

Decided July 12th, 1873.

## SYLLABUS.

1. In an action of trespass on the case for wrongfully and injuriously building an embankment on defendant's own land, so as to cause an obstruction and reflow of water on plaintiff's land, it is not error to refuse introduction of testimony on the part of the defendant, that the drain constructed by the defendant, to carry the water from the land of the plaintiff, was such a drain as is usual and customary to be constructed at such embankments on railroads generally, and have been found sufficient for the purposes of carrying off the water at like places.

2. In such an action, it is not error to refuse to instruct the jury, if they believe from the evidence that H. at a certain date, by deed le-

1873.
June Term.

gally admitted to record, conveyed to the defendant so much of his land as was necessary for the purposes of its railroad, as mentioned in said deed, and afterwards conveyed another part of his land to the vendor of the plaintiff, that the plaintiff holds said land subject to the rights of the defendant, under said deed, and has no right to recover in this suit.

3. In such an action, it is not error to refuse to instruct the jury, if they believe from the evidence that H., being the owner at a certain date, of a large tract of land embracing the land claimed by the plaintiff, and at that date conveyed to the defendant by deed properly acknowledged and recorded, so much of said land as was necessary for the defendant's purpose in making and constructing its railroad through the land then owned by H., that the defendant legally and properly constructed its railroad through and upon the same, and that at a subsequent date, the said H. and wife by deed conveyed to C. a part of said H's original tract, who conveyed the said part to the plaintiff, and the part so last conveyed is now claimed by the plaintiff as the land mentioned and referred to in the declaration in this cause, and therein claimed to have been damaged by the making of the defendant's road, that the plaintiff holds said land subject to the rights conveyed in the deed of H. to the defendant, and has no right to recover.

4. In such an action, it is not error to refuse to instruct the jury, that a deed from H. and wife to the defendant, bearing a certain date therein named, and which was given in evidence to the jury, and being the same deed referred to in the foregoing instructions, granted and conveyed to the defendant so much of its land therein mentioned and referred to, as was necessary for the defendant to build and construct its railroad upon, and all incidental disadvantages to the residue of said H's land, occasioned by the construction of the defendant's railroad, if the same was properly constructed.

5. In such an action, it is not error to refuse to instruct the jury as follows: "If the jury believe from the evidence, that the defendant legally and lawfully acquired the right to construct its railroad on the lands of H., the vendor of the plaintiff, as to the land mentioned in his declaration, before he acquired title thereto, and that at the time the defendant acquired the right so to construct its railroad from said H. he was the owner of the land now claimed by the plaintiff, and referred to in his declaration in this case, and it was a part of H's original tract, and the defendant did make and construct its railroad on said land so acquired by them, the jury must regard the defendant's railroad legally and properly constructed and made, unless by proof the contrary is shown."

1873.
June Term.

6. In such an action, it is error to instruct the jury as follows: that the foregoing deed from H. and wife to the defendant, bearing date as aforesaid, and recorded as aforesaid, only conveyed to it a strip of said H's land sixty feet wide, and extending to the outer limits of his land, with so much in addition as was necessary for the slopes of embankments and cuts, and did *not* convey or release any incidental disadvantages to the residue of said H's land, occasioned by the construction and making of the defendant's railroad.

7. An instruction given by the court, which upon the statement of the evidence given by the party excepting, could not be injurious to him, is no ground for reversing the judgment.

The case is stated in the opinion of the Court.

*Lee* for Plaintiff in error.

*Morrow* for Defendant in error.

PAULL, Judge.

The Plaintiff in the Court below brought an action of trespass against the Company in the year 1865, for damage done to his land in the county of Marion, by the works of the Company.

The Defendant demurred generally to the declaration and filed the plea of not guilty. The demurrer was overruled, and a trial was had upon the issue, and verdict and judgment rendered for the Plaintiff. A deed was produced by the Plaintiff showing his ownership of the land, and evidence was introduced tending to show that the damage complained of resulted from the construction of an embankment by the Defendant, which occasioned a reflow of water in large quantities on the Plaintiff's land, and that no sufficient drain had been made, or was then in existence for carrying away the water. The complaint is in substance of either a defective construction of the Defendant's works, or a failure to keep them in proper condition and repair, so as to prevent injury to the adjoining lands. The Defendant introduced a deed showing its ownership of the land on which its road was constructed, and also other deeds showing that the title of

the Plaintiff to his land was derived from the same quarter with that of the Defendant, but some three or four years afterwards, and was part of the same original tract. Defendant then sought to introduce evidence tending to show that the drain, called a French drain, had answered its purpose for a year or two, and failed to answer the purpose but partially before the Plaintiff acquired the land ; and that this drain was such as is usual and customary to be constructed at such embankments on railroads generally, and had been found sufficient for the purpose ; and that Defendant had constructed its railroad and embankment in a proper manner; which evidence as to the usage of the Company in its method of construction, was, on motion of the Plaintiff, not permitted by the Court to go to the jury : and to this ruling of the Court the Defendant excepted. The deed to the Company conveys a parcel of land in fee simple without any conditions ; described as extending thirty feet on either side of the centre line of the railroad, and thirty feet therefrom, as located for construction, together with as much land in addition as may be requisite for the slopes of cuttings and embankments. Although no purpose is expressed in the deed, the Company acquired this land, it may be well inferred, for the purpose of constructing its road upon it. As before intimated it is merely a fee simple deed, and the language employed in it, is simply descriptive of the land, or its boundaries. It is most manifest therefore that the Company has acquired no other rights against the grantor, as to the residue of his land, or as against any subsequent purchaser from him, other than such as attach to the ownership of property, or of real estate generally, and by whosoever owned, and subject to the principle, "*Sic utere tuo, ut alienum non laedas,*" as applicable to the relations of individuals and companies, and indicating and fixing their responsibilities.

The obligation rested upon the Company to construct

1873.
June Term.

Beaty
v.
Balt. & Ohio
R. R. Co.

its road or works in a lawful and proper manner, and to operate and use them in such reasonable and prudent manner as to inflict no direct or positive, and certainly no unnecessary damage upon the property or lands of neighboring proprietors. I am not aware of any statutory provisions that impose special liabilities upon this Company, such as are found in the statute law of England, and perhaps, of some of these states; a liability, for instance, to what are known as that class of incidental damages which come under the head of *"damnum absque injuria."* This distinction is too well known and established to need any illustration here. The action in the present case is for an injury resulting from the construction of an embankment, and from the failure to construct, or to keep in repair, a sufficient drain to carry off the water, and prevent its reflow over the Plaintiffs land. In the case of Whitcomb *vs.* Vermont Central Railroad Company, 25 Vermont R. 49, the court says: This liability is for an omission of duty in building their road, and is a virtual tort. Upon this ground it seems to the Court, that the plaintiff Whitcomb was entitled to recover his full damage. These damages are occasioned by the want of a sufficient sluice or culvert which it was the duty of the Defendants to build, and of this they seem to have been aware, as they built one of wood which failed; In the case under consideration, the Company had built a drain, which it appears from their own testimony had become insufficient. Again the Court says: "We think therefore the Plaintiff is entitled to have such damages of Defendants as he has sustained by reason of their not building such a culvert, as would be ordinarily needful in that place, such as prudent men under the circumstances, would have been likely to build." To the same effect is Broughton *vs.* Carter, 18 Johns R. 404, which seems to require that such public companies should not needlessly injure the adjoining proprietors, by turning the water upon them in such a manner, and at such points, as materially to injure them. Also the case of Hooker *vs.* New

1873.
June Term.

Beaty
v.
Balt. & Ohio
R. R. Co.

Haven and Northampton Company 14 Conn. 146, goes upon this ground, and extends the right of action to the land owners below the works, no part of whose land is taken, but which is materially injured by the defective manner in which the public works are constructed.

To provide proper means for carrying off the water at this particular place, seems therefore to have been the duty of the Company; and to give evidence of what was the usage of the Company under like circumstances in other places, with any view of shewing the sufficiency of the means employed here, does not seem relevant or proper, and its introduction I think was rightly refused by the Court.

As before stated, the general demurrer in this case was overruled; and it is not maintained in this Court, that there is error in this respect, and none being perceived, the judgment of the Court below in this respect is affirmed.

Four instructions are asked by the Defendant; the first recites, in substance, that if the jury believe that the parties acquired their titles in the order of time thereinbefore stated, and that the same are derived from the same grantor, that then the Plaintiff holds his land subject to the rights of the Defendant under its deed. If the instruction stopped here, there might be no objection to it in itself considered; but when it immediately adds, "and has no right to recover in this suit," the instruction is erroneous, the latter part being a *non-sequiter* to the former, and is no just or legal consequence from the premises.

The second instruction is the same with the first, with the addition, that if the jury believe the company legally and properly constructed its railroad upon the land which it acquired, that then the Plaintiff had no right to recover. This instruction, in that form, was adopted to mislead the jury, as they might well suppose, that to provide sufficient means for carrying off the

48

1873.
June Term.
―――
Beaty
v.
Balt. & Ohio
R. R. Co.

water, was no part of the company's legal obligation, whereas this principle was the one directly involved in this controversy. I think the instruction was rightly refused.

The third instruction recites, "that the grantor's deed to the company not only conveyed necessary land to the Defendant, on which to construct its road, but all incidental disadvantages to the residue of said grantor's land occasioned by the construction of the road, if the same was properly constructed." This instruction is not literally true, as there is no language in the deed referring to such a grant or release, or to the proper construction of the road. Morever, a railroad may be properly constructed for its own purposes, but not so constructed as to prevent injury to the land of a neighboring proprietor; and the concluding words of the instruction are liable to the same criticism made upon the second instruction. This instruction therefore was properly refused for the same reason.

The fourth instruction recites, that the Plaintiff having acquired title to a part of the same tract of land as that conveyed to the company, but at a subsequent date, and the Defendant having constructed its road on the land so conveyed, the jury must regard the road legally and properly constructed and made, unless by proof the contrary is shewn.

This instruction would seem to advise the jury that the Plaintiff must prove his case, or maintain the issue on his part by competent proof; but the instruction is liable to the same objection made to the second, and which was expressed in these words, to-wit: "This instruction, in that form, was adopted to mislead the jury, as they might well suppose, that to provide sufficient means for carrying off the water was no part of the company's legal obligation, whereas this principle was directly involved in this controversy."

The fifth instruction recites, that the deed to the Defendant on which its road was constructed did not con-

vey or release any incidental disadvantages to the residue of the grantor's land, occasioned by the making of Defendant's railroad. The record does not disclose at whose instance this instruction was given; I suppose however at the instance of the Plaintiff; but this is not material. While this instruction is literally true, it is not strictly true as to the *legal effect* of the deed: it is too broad in its terms, and calculated in some cases to mislead the jury. As before stated, there is a class of incidental damages, which are embraced under the name of *"damnum absque injuria,"* which the instruction would seem to include; but for which no action can be maintained. Notwithstanding the said deed of Hawkins to the Defendant, it was the duty of the Defendant to so construct and operate its road, upon the land so conveyed, in such reasonable and prudent manner as to inflict no direct or positive or unnecessary damage upon any portion of the adjacent lands of the said Hawkins, or of the Plaintiff, not conveyed to the Defendant by said deed; and if in the construction of the embankment for its road, on the land conveyed to it in the declaration mentioned, it became, or was necessary, in order to prevent the obstruction and reflow upon the Plaintiff's land of the water running through or from said land, to provide a sufficiently permanent and prudently constructed way or means through said embankment, or otherwise, to prevent such water from being obstructed and from reflowing upon the Plaintiff's land, so as to injure the same; and if the Defendant in the construction thereof failed to do its duty in this respect, it was guilty of a virtual tort, as against the Plaintiff, and he is entitled to recover his full damages therefor in this action, up to the time of its commencement. But does the giving of this instruction though regarded as erroneous, furnish sufficient ground for reversing the judgment? In Colvin *vs.* Menefee, 11 Gratt 87, it is held, that an instruction given by the Court which, upon the statement of the evidence given by the party excepting, could not be injuri-

ous to him, is no ground for reversing the judgment. The bills of exception here do not purport to set out all the evidence in the cause; but the Court said in that case that it is not necessary for a party excepting to instructions to state any facts except such as are necessary to present the precise point ruled against him, and excepted to; and that it thence follows that the action of the appellate court is properly restricted to the consideration of the question of law so raised by the facts, and alleged, by the party excepting, to have been erroneously decided against him in the Court below. Still it is true that a party excepting must exhibit facts disclosing an error material to the issue, and operating to his prejudice, and shewing how he had probably sustained injury thereby. In the present case, it appears from the declaration, and the evidence in the bill of exceptions, that there was no other question of incidental damages before the jury, other than that arising from the failure of the Defendant to provide, and keep in proper condition, some sufficient ways and means to prevent damage to the Plaintiff's land from the obstruction and reflow of the water. For this failure or omission of duty the Defendant is liable, notwithstanding another class of damages, to which reference has been made, may have been released, as the legal effect of the deed. It is not perceived, therefore, that the Plaintiff could have been injured by the instructions, as upon the evidence presented in his bill of exceptions, and the pleadings in the cause, the Plaintiff still had a right to recover for that kind of damage brought to the notice of the jury, and for which this action could be maintained.

With these views the judgment of the Circuit Court must be affirmed, with damages and costs to the Appellee.

HAYMOND, President, MOORE, and HOFFMAN, Judges, concur in the foregoing opinion.