THE STATE v. EARNEST  *Appellant.*

1   **Homicide** committed in the attempt to perpetrate robbery, arson &c , is not necessarily murder. R. S 1879, § 1232.

2.  **Evidence of Collateral Facts** CRIMINAL LAW., ALIBI. Evidence may be given as to collateral facts if they are so connected with the main fact as to be material in the inquiry as to such main fact, or if they become material by being so connected with the main fact by the testimony in the case.

So, where the defense to a criminal action was an *alibi,* and the State, to overthrow the defense offered evidence that the prisoner, in company with another person, at a particular time, was at a particular place, evidence *was held* admissible, in rebuttal, to show that the person named, at the time named, was at a different and distant place.

*Appeal from Cedar Circuit Court.*—HON. JOHN D. PARKINSON, Judge.

REVERSED.

*J. B. Upton* for appellant.

1.   After the court had permitted Hardy and Lindsey to testify, it certainly erred in refusing to allow defendant to prove their testimony false.  This refusal cannot be justified by saying that it was immaterial where Robertson was; he was an alleged accomplice and co-conspirator Besides, the witnesses swore that they knew Robertson better than Earnest, and if they were mistaken as to one, they were likely to be mistaken as to the other.   The testimony of these two witnesses was very severe upon defendant, and he should have been allowed to prove them perjurers.   2. The instruction is wrong.   Our statute does not make every homicide committed in the attempt to perpetrate robbery, &c., murder in the first degree, but every *murder* so committed.   Wag. Stat., § 1, p. 445.

*J. L. Smith,* Attorney-General, for the State.

1.   The evidence offered by the defense as to Robert-

son's whereabouts, was properly excluded. *Adriance v. Arnot*, 31 Mo. 471; *McKern v. Calvert*, 59 Mo. 243; *Lawrence v. Barker*, 5 Wend. 301; *Spenceley v. De Willott*, 7 East 108; 1 Greenl. Ev., § 455; *Commonwealth v. Cain*, 14 Gray 7. 2. The instruction was correct. *State v. Green*, 66 Mo. 631, 647; *State v. Miller*, 67 Mo. 604; *State v. Wieners*, 66 Mo. 17, 22.

HENRY, J.—At the September term, 1879, of the Cedar circuit court, the defendant and James Robertson and T. B. Hopper, were indicted for the murder of Samuel C. Ham. He had a separate trial and was found guilty of murder in the first degree, and from the judgment on the verdict has appealed.

The evidence for the State tended strongly to prove the charge alleged in the indictment, and conclusively proved, that three persons went to deceased's house to rob him, and that one of them shot him while he was attempting to escape from them. Whether the accused was one of those persons was the only question admitting of any doubt. The evidence for the defense tended to prove an *alibi*. George Lindsey and Newton Hardy, for the State, testified, that they saw defendant and Jas. Robertson, about three or four o'clock on the afternoon of the day that Ham was killed, traveling together on the Humansville road, toward Ritchey's mill; that they passed within fifty yards of where witnesses were sitting in Lindsey's yard. This evidence conduced strongly to disprove the *alibi*, relied upon by defendant. Defendant then offered to prove that at the time Lindsey and Newton Hardy testified to having seen Jas. Robertson in company with defendant pass Lindsey's, Robertson was at Smith's house, twelve miles from Lindsey's; but on objection by the State, the court refused to permit defendant to introduce this evidence.

For the State the court gave the following instruction of which the defendant complains: "The court instructs 1. HOMICIDE.   the jury that if they believe from the evi-

dence that the defendant, S. T. Earnest, on or about the 27th day of August, 1879, at the county of Cedar, in the State of Missouri, willfully, deliberately, premeditatedly, and of his malice aforethought, or in the attempt to commit a robbery, shot and killed Samuel. C. Ham, they will find the defendant guilty of murder in the first degree as charged in the indictment."

It will be observed that the court declares to the jury, that a homicide committed in the attempt of the slayer to perpetrate a robbery, is, as a matter of law, murder in the first degree. The statute does not declare that every homicide committed in the perpetration, or attempt to perpetrate, any arson, rape, robbery, &c., shall be murder in the first degree, but that any murder, so committed, shall be deemed murder of the first degree. It recognizes as possible, the commission of a homicide in the attempt to perpetrate either of those crimes that will be a less crime than murder of the first degree. Even when the circumstances warrant such an instruction, it is erroneous to declare, as the court did in this case, that a homicide committed in the attempt to perpetrate one of the other crimes named in the statute, is necessarily murder. Here such an instruction was wholly unnecessary. The parties who killed Ham were guilty of murder, without any reference to the design to perpetrate a robbery. The instruction could not have prejudiced the defendant, however, and we notice it only to correct the error, lest it should be repeated in cases where it would be material.

The court also manifestly erred in excluding the evidence offered by defendant, to show that Robertson was twelve miles distant from Lindsey's, at the time Lindsey and Hardy say they saw him pass Lindsey's house. with Earnest. Abstractly considered, it was a matter of no consequence where Robertson was at that time; but when the State's witnesses testified to having seen him in company with Earnest at that hour, which, if true, utterly destroyed the

2. EVIDENCE OF COLLATERAL FACTS: criminal law: alibi,

*alibi* relied upon by defendant, it became material with a view to test the credibility of the witnesses for the State, and on the question of Earnest's presence at the place and time testified to by Lindsey and Hardy. Whether he was there or not, at that time, in view of the *alibi* which defendant offered evidence to prove, became a very material question, and any evidence was admissible which conduced to show, either that he did or did not pass Lindsey's on the day that Ham was murdered, at or about the time testified to by Lindsey and Hardy. Can it be said, that the evidence offered by defendant, did not tend to show that those witnesses were mistaken? They were as positive that they saw Robertson as that they saw defendant, and proof that it was physically impossible for them to have seen Robertson, is some evidence that they did not see the defendant. Witnesses cannot be examined as to collateral facts, unless they are so connected with the main fact as to be material in the inquiry as to such main fact, or become so, by being so connected by the testimony in the cause. If the State's witnesses had testified that they saw Earnest pass Lindsey's in a vehicle drawn by two white horses, the property of A. B., evidence that A. B.'s white horses were then twelve miles from Lindsey's, would become material, although abstractly it was matter of no consequence where A. B.'s horses were, or what kind of horses were hitched to the vehicle. It would be evidence of identity, evidence to show the witnesses were mistaken, or willfully swore falsely. It is like the case of a disputed signature to a note or other instrument. A witness testifies that he saw it executed, and states who were present when it was signed. It is a matter of no consequence who were present, if it was signed, but the persons who are stated to have been present may be introduced to testify that they were not present, or if present, did not see the party sign his name to the instrument.

We have nothing to do with the question of the guilt or innocence of one accused of crime, until satisfied that no

material error occurred in the progress of his trial. Legal questions presented are to be disposed of before it becomes our duty to examine the evidence to ascertain whether the party is guilty or not.

As manifest error was committed by the court, in the exclusion of the evidence offered by defendant, the judgment must be reversed and the cause remanded. NAPTON and HOUGH, JJ., concur. SHERWOOD and NORTON, JJ., dissent, the former holding that the instruction complained of was a correct declaration of law, and the latter that the court did not err in excluding evidence.