## CATHERINE KOLB, ADM'X,
### V.
### ᵣSANDWICH ENTERPRISE COMPANY.

*Master and Servant—Personal Injuries—Defective Appliances—Contrib utory Negligence—Evidence.*

1.   A servant who is familiar with defective appliances on his master's-premises, but makes no objection thereto, and exacts no promise from his master to remove the danger, can not recover for injuries sustained by reason thereof.

2.   The opinion of a witness as to the defective condition of appliances, in an action for personal injuries sustained by reason thereof, is inadmissible.

[Opinion filed May 28, 1890.]

APPEAL from the Circuit Court of De Kalb County; the Hon. CHARLES KELLUM, Judge, presiding.

This was an action on the case brought against appellee under the statute concerning injuries caused by the wrongful killing of persons. The declaration counts for the wrongful killing of Henry Kolb, the husband of appellant, occasioned by a fall through a trap or hole in the floor of appellee's shop or manufactory in the city of Sandwich in said county.

The declaration charges that the appellee had negligently and carelessly constructed and maintained in the fourth floor of its said shop, a hole or trap about two and a half feet by five feet in size, and only four feet six inches distant from, and directly in front of an elevator opening on said fourth floor; that said hole or trap was usually closed by a trap door shutting down upon the same, and was used or opened only occasionally; that no guard or railing around said hole or trap, or on any side thereof existed; that a person in drawing a loaded cart from the said elevator out upon the said fourth floor, as the employes of said company were required to do, and as the appellant's intestate was engaged in doing when he came to

his death as alleged, would be brought into immediate proximity to the said trap or hole, when the same was open, and that the appellant's intestate and husband, who was an employe of the appellee, while in the line of his duty, and under the order of the said company, and in the exercise of due care and caution, in hauling a loaded cart out from the elevator aforesaid upon the said fourth floor of the appellee's said shop, inadvertently and through appellee's negligence in opening and leaving open the said hole or trap, stepped into the same and fell through it a distance of about twelve feet to the floor below, and was killed by such fall. Declaration further alleges that appellant is the administratrix of the estate of Henry Kolb, her late husband, that she was dependent upon him sor support, and that he contributed in his lifetime pecuniary assistance for her support, and claims damages of $5,000. Plea of the general issue was filed and a jury impaneled and sworn to try the case. At the conclusion of the plaintiff's evidence a motion was made by the defendant's counsel to exclude the testimony from the jury and to instruct the jury to find the defendant not guilty, which motion was allowed by the court and the jury were so instructed notwithstanding the objection of plaintiff's counsel, who excepted to the ruling of the court and entered a motion for a new trial, which motion was denied and judgment rendered on the verdict against plaintiff. Exception was taken to the action of the court in denying the motion for a new trial and entering such judgment, and the cause is brought to this court for review.

The evidence shows that the building was a large stone structure four stories high and forty by eighty feet, the long way being east and west. The stories are about twelve to thirteen feet high. The fourth story is used for a paint room to paint the wood work of the manufactured articles. There is a communication between the lower and upper story by means of an elevator upon which materials are carried from the lower to the upper floor and the upper to the lower floor. The opening from the elevator to the room is six by eight feet, with double doors between the room and the elevator;

opposite or partly opposite to the elevator on the fourth floor there was a trap door, level with the floor, worked with the hinges on the east side and lifted by a ring in the door that communicated with the third story, which trap door was four feet ten inches by two feet eight inches, and north of the elevator and four feet and six inches distant; there are two doors to the elevator opening into the room on the north. The elevator works by steam. The elevator doors open into the middle of the elevator. The trap extended nearly as far west as the east door of the elevator with its long way north and south.

The deceased, Henry Kolb, on the 21st of December, 1888, was working in the factory under the charge of Fred Freeman, and employed on the first floor, and was running a sand drum, and had something to do in taking material to the upper floors; that his regular work on the morning of the 21st of December was to take the work up to the paint shop on the fourth floor; he was engaged in that on that morning, and just as the whistle blew at seven o'clock, or five or ten minutes after, he took a car with four wheels under it, loaded the stuff on it, and ran it into the elevator and ran it up. The cars were about four feet long and two and one-half wide, with handles at each end like a rack. He had at the time a half load of cotton planter handles.

Just before the deceased went up in the elevator to unload the stuff onto the upper floor, other of the appellee's employes had opened the trap door to shove some material through from the third to the fourth story, for which purpose this trap-door had been constructed and used.

The deceased, on reaching the fourth story floor, stopped the elevator on a level with the floor, and opened the west door, and pulled the car, loaded as stated, with his back out on to the floor of the building, and went backward and tumbled through the trap-door, and fell to the floor of the third story, a distance of some twelve feet, lighting on his head and shoulders, injuring him so severely that he died in a few moments. The cart, when found, was within eight or ten inches of the west side of the hole made for the trap-door,

the deceased having stepped a little too far east, not thinking the trap-door was open, and stepped with his left foot into the hole, causing him to fall. These were, in substance, the facts concerning the manner of the accident, as shown by the evidence.

Messrs. S. B. STINSON and HARVEY A. JONES, for appellant.

Messrs. D. J. CARNES and W. & W. D. BARGE, for appellee.

LACEY, J.   It is insisted by the appellant that the appellee was negligent in placing the trap-door so near the exit of the elevator, and in a very dangerous position, and also in having the trap-door open at the time, it not being very light in the room, without warning the deceased of the fact of its being open; that it was a clear case for the determination of the jury, and the evidence tended, at least, to support the charge of negligence. The appellant's counsel contends that if the evidence tends to prove the negligence, then the court below had no legal right to take the case from the jury, citing Penn. R. R. Co. v. Conlan, 101 Ill. 93, and Blanchard v. L. S. & M. S. Ry. Co., 126 Ill. 416, in support of the rule. We think the rule, as claimed, is too broad, or, at least, to the extent the counsel appears to claim for it. The words, "tends to prove," may be understood to mean in the least degree, or to mean, tends to prove the issue to the extent that a jury, after allowing everything in plaintiff's favor that the law allows, may legally find a verdict in favor of the plaintiff. We think the latter rule has been established by the Supreme Court. However, if there is a conflict of the evidence as to a material point in the evidence, then such point must be regarded as established, where the court interferes to take the case from the jury. But if, after all points are established that the evidence warrants the jury in finding, and there are not then in the case sufficient facts established which would authorize a jury to find a verdict in appellant's favor, then the court has the right to take the case from the jury.

We cite, as clearly establishing this rule, Simmons v. C. &

T. R. R. Co., 110 Ill. 340, 346; Abend v. T., H. & I. R. R. Co., 111 Ill. 202; The City of East St. Louis v. O'Flynn, 119 Ill. 200; Bartelott v. Int. Bank, 119 Ill. 259; The People ex rel. v. Board of Supervisors of Madison Co., 125 Ill. 334.

This, then, being the law, the next point to consider is, does the evidence, allowing all facts which the evidence tends fairly to show to be established, entitle the appellant to recover? Or would a verdict of a jury so finding be sustained? We think not. It appears that the deceased had been in the employment of the appellee for about seven years and knew all about the situation of the elevator and the trap-door. He had for some time been engaged in the very work at which he was engaged at the time he lost his life, and also knew or must be held to know that the trap-door was in constant daily use, that is, when occasion required, in pulling lumber and stuff up from the third to the fourth story, and that the trap-door was at any time liable to be open for that purpose. He remained in the employ of the company knowing all these facts. The evidence shows that it was light enough to work, but not as light as day, when the accident happened. But with the knowledge on the part of deceased that the trap-door was liable to be open at any time during working hours, it would seem that the darker it was in the room the more caution would be required of deceased in keeping a look-out for the trap-door, when he was working about it.

It is the law in this State, that "where the defects in the machinery and appliances are as well known to the servant as the master, the servant must be regarded as voluntarily incurring the risk from its use." Penn. Co. v. Lynch, 90 Ill. 333; St. L. & S. E. Ry. Co. v. Britz, 72 Ill. 356; I., B. & W. R. W. Co. v. Flanigan, 77 Ill. 365; Cummings v. Collins et al., 70 Mo. 520; Penn. R. M. Co. v. Hankey, 93 Ill. 580; Clark v. C., B. & Q. R. R. Co., 92 Ill. 43; Simmons v. C. & T. R. R. Co., 110 Ill. 347; Camp Point Mfg. Co. v. Ballou, 71 Ill. 417.

It is also laid down as a rule of law that "trap-doors, hoistways and similar openings in floors, are a usual and necessary part of the machinery of business in most warehouses and manufactories; and the mere fact of their existence and use is

no evidence of negligence.   Shearman & Redfield on Negligence, Sec. 508 (3d Ed).   The deceased having entered into the employment of the appellee, and having become familiar with the appliances and machinery in the building and the manner of their use, and not making a protest, and continuing in its service without exacting any promise to change, took all the risk incident thereto, and the appellee owed him no duty to change.   Hence where there is no duty there can be no negligence.   C., R. I. & P. R. R. Co. v. Eininger, 114 Ill. 79; Cooley on Torts, 659.

There can be no question in this case of *respondeat superior*, as the work all proceeded in the manufactory on the morning of the accident and at the time of it, in the usual and customary course.   No special orders were given to go into a known dangerous place.   The carrying of the material up to the fourth floor was the work he was partly engaged in all the time.   The fact that the trap-door was open was no more than usual in the course of business.   If the appellant's intestate had looked behind him and used any care at all, he could have seen the trap-door was open, for there was a man lying beside it.   The appellant sought to prove by a witness or witnesses that, in the opinion of the witness, a trap-door like the one in question, situated as this one, was dangerous to a man employed like deceased; but the court excluded the proposed evidence and we think, rightly.   For first, it could make no difference to deceased, as he continued to work with it in that way, and as we have shown, took all risk of such danger; and secondly, it was not competent to prove a fact of this kind by the opinion of a witness.   Of this matter the jury could judge as well as the witness, and it was its province so to do.   Nor was it competent to show that others had been hurt at the trap-door previously.   This, for the same reason, and besides, as a rule of law, was not permissible. It was *res inter alios acta*, and hence not proper.   Similar offers to prove similar matters were excluded, which we think rightfully.   It is unnecessary to notice them in particular. There appears to be no error in the record of the court below, and the judgment is therefore affirmed.

*Judgment affirmed.*