*Writ Awarded.*

# CHARLESTON.

## WIGGIN v. DILLON.

Submitted September 8, 1908.  Decided November 23, 1909.

APPEAL AND ERROR—*Grounds.*

    A verdict clearly supported by law and the evidence should
not be disturbed because an erroneous instruction was before
the jury.  (p. 313).

Error to Circuit Court, Raleigh County.

Action by H. D. Wiggin against George W. Dillon. From
an order setting aside the verdict and granting a new trial, plain-
tiff brings error.

                        *Reversed and Judgment Rendered.*

*File & File,* for plaintiff in error.

*McGinnis & Hatcher,* for defendant in error.

ROBINSON, JUDGE:

Upon the trial of the right of ownership to lumber which had been levied upon, between a claimant of the property, Wiggin, and the execution creditor, Dillon, the jury found for the claim-ant. The verdict was set aside and a new trial awarded. This writ of error is prosecuted to the action of the court in disturbing the verdict.

The reason assigned by the court for its action in setting aside the verdict is that the one instruction that it gave to the jury on behalf of Wiggin was improper. The instruction told the jury to find for Wiggin if they believed from the evidence that McMillan consented for Wiggin's agent to mark up the lumber as sold to Wiggin. It presented a matter wholly immaterial to the issue. Regardless of it, the verdict was right. And the verdict should not have been disturbed. The case turns solely on the question whether or not title to the lumber passed to Wiggin from the execution debtor, McMillan, before the levy. The written contract relating to the manufacture of the lumber by Mc-Millan for Wiggin and to the purchase of that lumber from the former by the latter was in evidence. A plain interpretation of that contract, particularly as guided by the contemporaneous acts of the parties, is that title vested in Wiggin when the lumber was manufactured and placed on the mill yard at his disposal. 24 Amer. & Eng. Enc. of Law, 1063, 1068. The court should have told the jury what this contract meant—that it gave to Wiggin title to the lumber upon which the execution was levied. It should have directed the jury to do just what they did—to find for Wiggin. Yet the case was tried upon the theory that a show-ing of actual delivery of the lumber was necessary. The question was one of title. "Actual delivery to the vendee is not always necessary to the passing of title." *Acme Food Co.* v. *Older,* 64 W. Va. 263. Here the contract put in Wiggin title to the lumber manufactured under it, and the actual delivery of the same was not an essential issue. Since no verdict other than that rendered could have been properly returned, Dillon was not

prejudiced by the instruction because of which the verdict was disturbed.

We are of opinion to reverse the order setting aside the verdict and awarding a new trial, and to enter judgment. It will therefore be considered that Wiggin retain possession of the lumber; that the levy thereon be discharged; that Wiggin and his sureties on the bond given pursuant to Code, chapter 50, section 151, be discharged from liability thereon; and that Wiggin recover from Dillon his costs before the justice, in the circuit court, and in this Court expended.

*Reversed, and Judgment Rendered.*