# CHARLESTON.

REILLY v. NICOLL et als.

Submitted June 10, 1912.   Decided March 11, 1913.

1. APPEAL AND ERROR—*Harmless Error—Instructions.*

Errors in the giving and refusal of instructions in a case in which the verdict is the only one that could have been given under the evidence, owing to its conclusiveness, are not prejudicial and may be disregarded as being harmless.  (p. 191).

2. NEW TRIAL—*Harmless Error—Insufficiency of Evidence.*

If the evidence in an action for damages for a personal injury is so conclusive of the defendants' negligence as to leave no room for a reasonable conclusion or finding to the contrary, the court may declare it as matter of law, in passing on a motion to set aside the verdict conforming to the evidence, and disregard erroneous rulings in the trial on instructions as harmless errors and render judgment accordingly.  (p. 192).

3. MASTER AND SERVANT—*Dangerous Premises.*

A trap door in a step in a stairway used by a servant, to be opened only for the purposes of sweeping dust, waste paper and other debris from the floor and not intended to be left open and unattended by the servant so using it, is a hidden danger to a servant who is ignorant of its existence and renders the place of work unsafe as to him.  (p. 192).

4. SAME—*Injuries to Servant—Proximate Cause.*

The proximate cause of an injury to a servant hurt by stepping into such a trap door, while left open by another servant, is the concurrent negligence of the servant leaving it open and the master for which the latter is liable.  (p. 192).

5. SAME.

Under the law of fellow servantcy, a servant is deemed to have assumed only the ordinary risks incident to the work in which he is engaged and is not precluded from recovery for injuries resulting from extraordinary risks of which he had no knowledge and was not warned.  (p. 192).

Error to Circuit Court, Ohio County.

Action by Frances G. Reilly against William T. Nicoll and others.  Judgment for plaintiff, and defendants bring error.

*Affirmed.*

*Handlan & Reymann* and *G. T. Knote,* for plaintiffs in error.
*John J. Coniff,* for defendant in error.

POFFENBARGER, PRESIDENT:.

Frances G. Reilly, a saleslady employed in a certain store in the city of Wheeling owned and conducted by Wm. G. Nicoll, Edward L. Nicoll, Grace L. Nicoll and Mary N. Kirkpatrick, and called "Nicoll's Art Store", recovered a judgment against her employers for the sum of $1,260.00, as damages for a personal injury sustained by her, as a consequence of their alleged negligence respecting the safety of the place in which she worked. As ground for reversal of the judgment, they rely upon the insufficiency of the evidence to sustain the verdict and alleged errors in the giving and refusal of instructions.

The business of the employers was conducted on the first floor of a certain building and in the basement thereof, connected by a stairway in the top step of which there was a trap door, opened as occasion required to permit the sweeping of dust, waste paper and other debris from the floor through the stairway into a box under it. This door having been left open momentarily by the boy whose business it was to do the sweeping, the plaintiff stepped into the hole thus made in the step, while engaged in her work, and thereby sustained the injuries complained of. The box had become full of trash and debris so as to close up the opening and preclude further sweeping through it, and the boy had gone into the basement for the purpose of making some disposition of it, leaving the door open. On the wall just over the stairway there were shelves on which certain goods were kept, and, having occasion to obtain some of these, the plaintiff went to the stairway and stepped down on to the first or top step so she could reach the shelves and thus stepped into the opening. This trap door was on a hinge and covered from one half to one third of the step. Though witnesses say both rooms were well lighted, it was nevertheless in an obscure place, not being in the floor but in a step of the stairway. The accident occurred on the first day of the plaintiff's employment at the store, though she had worked there about two weeks on a former occasion, some months prior. But

there is no proof that she had any knowledge of this trap door at any time prior to the accident, and there was nothing to warn her of its presence. The boy had been instructed never to leave it open at any time during his absence therefrom, but the plaintiff had no knowledge of this instruction.

To sustain the verdict and judgment it is necessary to say the evidence was so one-sided and conclusive of the defendants' negligence as to leave no ground for instructions favorable to them, and that an erroneous instruction for the plaintiff can be disregarded as harmless; for instructions given for the plaintiff do not properly state the measure of the defendants' duty, and several requested by the defendants were refused. Two of those given for the plaintiff make it the duty of the master to furnish the servant a safe place in which to work, not merely to exercise only reasonable and ordinary care, under the circumstances, to provide the servant with a reasonably safe place in which to work, agreeably to principles declared in *Johnson* v. *Railroad Co.*, 38 W. Va. 206, 211; *Jackson* v. *Railroad Co.*, 43 W. Va. 386; *McCreery* v. *Railroad Co.*, 43 W. Va. 110; *Flannagan* v. *Railroad Co.*, 40 W. Va. 430; *Robinson* v. *Railroad Co.*, 40 W. Va. 583. As applied to machinery and instrumentalities with which servants are required to work, the rule is the same. *Whorley* v. *Lumber Co.*, 70 W. Va. 122; *Soward* v. *Car Co.*, 66 W. Va. 266; *Mitchell* v. *Coal & Coke Co.*, 67 W. Va. 480. Violation of this rule in the statement of the measure of duty often results in reversal. *Railway Co.* v. *Mauzy,* 98 Va. 692; *Railway Co.* v. *West,* 101 Va. 13; *Parlett* v. *Dunn,* 102 Va. 459. Consistency with legal principles necessitates such a result, for error in the giving or refusal of instructions is presumed to have been prejudicial, and to overcome this presumption it is necessary for the court to be able to see that no injury was done. *Ward* v. *Brown,* 53 W. Va. 227; *Hall* v. *Lyons,* 29 W. Va. 410; *Clay* v. *Robinson,* 7 W. Va. 348; *Beaty* v. *Railway Co.,* 6 W. Va. 388. Here, for the reasons stated, the rulings on instructions will necessitate reversal, unless the evidence is conclusive of plaintiff's right to recover.

An erroneous instruction is not prejudicial if the evidence is conclusive by reason of its character or the force and effect of uncontroverted facts, so as to leave no possible room for any

verdict other than the one rendered. *Wiggin* v. *Dillon*, 66 W. Va. 313; *Mercer Academy* v. *Rusk*, 8 W. Va. 373; *Colvin* v. *Menefee*, 11 Grat. 87.

The evidence is almost entirely free from conflict regarding the vital questions in the case. Though the rooms were well lighted on the ground floor and in the basement and the stairway itself had considerable light from both sources, the trap door was in a secluded place in which necessarily it could not have been readily observed by one ignorant of its location. The plaintiff had no knowledge of it. It was not guarded in any way and there was nothing to warn her of its presence. She had occasion in the course of her employment to make use of the stairway in going from the ground floor to the basement and might also properly use it in reaching to the wall or shelves on it for articles called for by customers. The boy who did the sweeping had orders never to leave it open except when he was actually sweeping dust, waste paper and other debris through it, but the plaintiff had no knowledge of this instruction. To her, therefore, the danger was a hidden and secret one.

Though there was no design on the part of her employers that the trap door should ever be left open except at intervals for the performance of a particular duty, it was incumbent upon them to give her warning of its presence and use. *Falardeau* v. *Hoar et al*, 78 N. E. 456; Thompson Neg., sec. 4059; *Brown* v. *Railroad Co.*, 118 Mich. 205; *Barker* v. *Railroad Co.*, 51 W. Va. 423; Bailey on Personal Inj., sec. 121, p. 307. The danger from this trap door and the use made of it to a servant ignorant of its location is perfectly obvious and should have been provided against in some way. A busy clerk or saleswoman ignorant of its presence, in the hurry incident to her attention to customers, might easily walk into it while open and used in exact conformity with the directions given to the boy. Probability of his leaving it open momentarily, as he did, might well have been foreseen and contemplated also.

It is unusual to hold a master guilty of negligence, upon facts adduced in evidence, as matter of law, but to do so is not inconsistent with law. On the contrary, it accords perfectly with the principles upon which the courts deny recovery on the ground of contributory negligence, when the state of the evidence is

such as to permit only one reasonable conclusion or opinion. Ordinarily the courts are not called upon to exercise this power on behalf of the plaintiff. He generally insists upon submitting his side of the case to the jury and the court interferes at the instance of the defendant, on the ground of conclusiveness of the evidence. Hence precedents for the application of the principle in favor of the plaintiff and against the defendant are few. "No doubt can be entertained that this Court recognizes the principle that there is such a thing as negligence *per se* or legal negligence, just as there is such a thing as legal fraud. In cases where the common experience of mankind and the common *concensus* of prudent persons have recognized that to do or omit to do certain acts is prolific of danger, we may call the doing or omission of them legal negligence." *Carrico* v. *Railway Co.*, 35 W. Va. 389, 397. "If negligence and the necessary damage proximately flowing from it are so clearly proved, both in fact and inference, that there is no room for an honest difference of opinion between reasonable men, the court should direct a verdict for the plaintiff." Sherm. & Redf. Neg., sec. 56; *Hogan* v. *Railway Co.*, 149 N. Y. 23.

In most cases of this class, there is evidence of contributory negligence sufficient to carry them to a jury. *Brown* v. *Railroad Co.*, 118 Mich. 205; *Bateman* v. *Railway Co.*, 178 N. Y. 84; *Debus* v. *Armour & Co.*, 84 Neb. 224. But here we have no evidence at all of contributory negligence and are called upon to say whether the undisputed facts make a clear case of negligence on the part of the defendants, and we are of opinion that they do.

This class of cases does not fall within the law of fellow servantcy, because the risks are extraordinary and not assumed unless known. *Anthony* v. *Leeret*, 105 N. Y. 591; *Kolb* v. *Enterprise Co.*, 36 Ill. App. 419; *Wanamaker* v. *Burke*, 111 Pa. 423; *Balle* v. *Leather Co.*, 73 Mich. 158; *Wheatley* v. *Block*, 95 Ga. 15; *Brown* v. *Seigel Cooper & Co.*, 191 Ill. 226; *Johnson* v. *Mill Co.*, 22 Wash. 88. "A principle which has been formulated and applied so frequently as to have become axiomatic is that a servant is *prima facie* not chargeable with an assumption of extraordinary risks,—risks, that is to say, which may be obviated by the exercise of reasonable care on the

master's part." Labatt, Master & Servant, sec. 270. "In statements of the general principles enunciated in the last section there are often found words which recognize, in the form of an exceptive limitation, the existence of the principle which declares, as will presently be shown, the circumstances under which a risk, though extraordinary, is deemed to have been assumed. An extraordinary risk, it is said, is not assumed unless it is, or ought to be, known to and comprehended by the servant, or —as the same conception may also be expressed in logically equivalent terms—where the servant is chargeable neither with an actual nor a constructive knowledge and comprehension of the risk." *Id.* sec. 271; Bailey, Personal Inj., sec. 367, pp. 972, 1008. The rule exonerating employers from liability to their servants for injuries by acts of fellow servants, on the theory of an assumption of such risks by fellow servants themselves, as stated in our own decisions, limits the assumption to ordinary risks incident to the business. *Beuhring* v. *Railway Co.,* 37 W. Va. 502; *Berns* v. *Coal Co.,* 27 W. Va. 285; *Young* v. *Railroad Co.,* 42 W. Va. 112; *Core* v. *Railway Co,* 38 W. Va. 466.

The risk of injury encountered by the plaintiff here was obviously an extraordinary one, because it did not result from the act of the fellow servant alone. The instrumentality provided for his use, when properly operated, was dangerous to a person ignorant of its presence and use. Plaintiff's injury was the result of the concurrent action of the employer and the fellow servant, and the case is governed by a principle declared in *Lay* v. *Coal Co.,* 64 W. Va. 288.

In this state of the evidence, the inaccuracies of the instructions given for the plaintiff are harmless, and the court was justified in refusing certain instructions requested by the defendants, invoking the law of fellow servantcy and endeavoring to obtain findings as to whether the defendants had exercised due care in providing a safe place for work by the plaintiff. Under the evidence, no proper instruction exonerating the defendant on the theory of assumption of risk could have been given, nor was there any basis in it for an instruction as to reasonable care on the part of the defendant.

For the reasons stated, the judgment will be affirmed.

*Affirmed.*