# CHARLESTON.

## STATE V. HURLEY.

Submitted September 12, 1916.     Decided September 19, 1916.

1. INTOXICATING LIQUORS—*Indictment and Information—Sufficiency.*
   The form of indictment prescribed by §3, ch. 32a, Code, is valid and constitutional. (p. 639).

2. INDICTMENT AND INFORMATION—*Bill of Particulars—Motion.*
   In a criminal case, a motion by defendant for a bill of particulars must be accompanied by an affidavit specifically showing the grounds and reasons therefor. (p. 639).

3. CRIMINAL LAW—*Appeal—Harmless Error.*
   An erroneous instruction, improperly given over objection timely interposed, on an issue not involved and hence not pertaining to

the merits of the case and without evidence to support it, is not prejudical, warranting reversal, if upon the facts and circumstances proved and not denied or explained a verdict of guilty as charged in the indictment is the only one which could properly have been rendered thereon.    (p. 640).

Error to Circuit Court, Marshall County.

William Hurley was convicted of violating the prohibition law, and he brings error.

*Affirmed.*

*Marlin Brown,* for plaintiff in error.

*Fred O. Blue* and *Jno. T. Simms,* for the State.

LYNCH, JUDGE:

Convicted upon an indictment charging a violation of §3, ch. 32a, Code, and fined and sentenced to imprisonment in the county jail, William Hurley, upon this writ, assigns as erroneous numerous rulings of the trial court.    Of these assignments only those are urged seriously, either in brief or oral argument, which challenge the sufficiency of the indictment and of the evidence to sustain the conviction and the propriety of the only instruction proposed and given on behalf of the state.    It may be said that the sole question of any real merit, demanding consideration, is the challenge directed against that instruction.

For, more than once, the last time quite recently, it has been held in this state that an indictment in the form prescribed by §3, ch. 32a, is constitutional, and sufficient to satisfy the requirements as to time, place and circumstance and certainly as to the offense charged, and to serve as a protection against a second prosecution for the same offense. *State* v. *Sixo,* 87 S. E. 267; *State* v. *Farley,* not yet reported.

Furthermore, it is settled, also, that to avail a defendant the motion to require a more detailed enumeration of the particulars of the offense charged, where the statements of the pleading may reasonably be deemed to be too general and imperfect for defensive purposes, should be made before pleading to issue, and supported by affidavit specially designating the information deemed necessary.    *State* v. *Sixo,*

*supra; State* v. *Railroad Co.,* 68 W. Va. 193. With this requirement defendant failed to comply; and hence he can not complain. The sole question upon which he sought further specification was the person to whom the liquors were sold and the date of the sale. There is no rule of law or of necessity in this state requiring the designation of the purchaser of liquors unlawfully sold. *State* v. *Chisnell,* 36 W. Va. 659. Besides, the state may prove sales to different purchasers, if made within the time charged in the indictment. But the accused, in such case, may cause the state to elect upon which of them it will rely to support a conviction. *State* v. *Chisnell, supra; State* v. *Calhoun,* 67 W. Va. 666.

The vital question in this case, as we have said, arises upon the instruction proposed by the state and given as requested. The gravemen of the charge preferred is that defendant did unlawfully ''manufacture, sell, offer, keep, store and expose for sale, and solicit and receive orders for liquors.'' The language of the instruction seems to enlarge upon the charge made in the indictment, and to proceed upon the theory that the accused was indicted, under §3, ch. 32a, for keeping liquors, for personal use or otherwise, at a restaurant supposed to have been conducted by him. Its language is: ''The court instructs the jury that it was, in the month of April, 1915, and is now, unlawful for any person to keep or have for personal use, or otherwise, or to use or permit another to have, keep or use, intoxicating liquors at any restaurant within this state; and if the jury believe from the evidence in this case beyond all reasonable doubt that the defendant, William Hurley, during the month of April, 1915, at any time within said month, did keep or have, or permit another to have, keep or use intoxicating liquors at or in his restaurant in Marshall county, West Virginia, or in a room adjoining said restaurant, in close proximity thereto, and used in connection therewith, with communicating door or doors or other opening between said restaurant and said room, you will find the defendant guilty.''

From a fair analysis of the testimony, it is permissible to say there is no evidence tending to show the accused kept intoxicating liquors at any restaurant operated by him with-

in the building wherein the indictment charges he violated the provisions of the section under which the indictment apparently was framed. The room in which it is said the restaurant was maintained, and the room in which the testimony very strongly tends to show defendant kept for sale and perhaps sold liquors, although in the same building, were separate and distinct, and connected only by a communicating door and intervening hallway. But, as observed, the testimony introduced by the state, defendant offering none, was intended only to show that he kept and had intoxicating liquors in his possession in a room adjoining that denominated a restaurant. The officers executing the search warrant found no liquors in the room claimed to be a restaurant. The only reference made to it by the witnesses were in aid of the location and identification of the place wherein it is charged the liquors were unlawfully kept and sold. In the room claimed to be used for serving meals to the public were no liquors, nor appliances for the sale thereof.

In these circumstances, it is obvious defendant's objection to the proposed instruction ought to have been sustained. The instruction had no relevancy to the matters in issue before the jury. It could not enlighten them upon any matter touching their investigations. No proof supported it. There was none justifying the giving of it. So that, unless the verdict was the only one proper under the evidence, the ruling of the trial court was erroneous. The giving of the challenged instruction will necessitate reversal, unless the evidence is conclusive of defendant's guilt. Our cases agree in stating the rule to be that an erroneous ruling upon instructions or evidence will operate to the prejudice of the exceptor, unless it clearly appears from the record no injury was done to him thereby, in which event the judgment will not be reversed for that cause. *Beaty* v. *Railroad Co.,* 6 W. Va. 388; *Clay* v. *Robinson,* 7 W. Va. 348; *Hall* v. *Lyon,* 29 W. Va. 410; *Boggess* v. *Taylor,* 47 W. Va. 254; *Ward* v. *Brown,* 53 W. Va. 273; *Buffington* v. *Lyons,* 71 W. Va. 114. But if the court, in ruling upon the motion for a new trial, a motion made and overruled, can see, as evidently the circuit court of Marshall county did see, that defendant was

not prejudiced and was properly convicted, its disposition of the case, in that event, is sustained by the cases cited. Such instruction can not be deemed prejudicial, if, by reason of their persuasive character and probative effect, the uncontroverted facts leave no room for possible doubt of the correctness of the verdict rendered by the jury. *Wiggin* v. *Dillon,* 66 W. Va. 313; *Hartmyer* v. *Everly,* 73 W. Va. 88; *Reilly* v. *Nicoll,* 72 W. Va. 189. The latter case announces the principle that "errors in the giving or refusal of instructions, in a case in which the verdict is the only one that could have been given under the evidence, owing to its conclusiveness, are not prejudicial, and may be disregarded as harmless".

Bearing in mind the failure or refusal of defendant to offer any evidence explaining the various circumstances detailed by the witnesses for the state—the unexplained presence of bottles of whiskey, a keg of beer equipped with the necessary appliances to serve customers, an unusual number of beer glasses, a rinse in which to wash them after use, and other saloon equipment, including a table or bar from which to serve customers, and the presence of a bar-tender, who offered his services when the officers appeared to search the premises, and inquired what they would have (evidently meaning the character of drink they desired), all these things being indicative of an intent to serve the public who should appear for intoxicants in the room where the liquors and equipment were found—can it reasonably be said, in these circumstances, that the jury were not justified in arriving at the conclusion, in the language of the indictment, that at the time and place mentioned therein defendant did unlawfully keep for sale intoxicating liquors? In other words, could an honest jury, having in view its oath and the facts detailed, reach any other conclusion than that he was guilty as charged in the formal accusation against him? It may be conceded that the evidence could have been more explicit and conclusive. But, if sufficient to satisfy the jury, as evidently it did satisfy them, beyond a reasonable doubt, notwithstanding the erroneous instruction, defendant was not improperly convicted. For, unless the evidence was doubt-

ful or inconclusive, the finding can not be disturbed. If un-
erringly it points to defendant as the guilty party, the verdict
and judgment should be sustained.

That defendant owned the property where the liquor was
found is removed from the pale of doubt, by reason of the
evidence introduced in the case. Although two Hurleys
named William, having the relation of father and son, are
mentioned by witnesses, the proof renders manifest defen-
dant's ownership of the grounds and buildings, notwithstand-
ing the doubt sought to be reflected upon that fact by show-
ing the issuance in 1913 in the name of the father of a
license to conduct a restaurant on the property for the year,
while the deed conveyed the property to defendant Septem-
ber 10, 1912. To the sheriff he paid taxes charged against
it. He was there when arrested. Only a few days interven-
ed between the date of the tax payment and the arrest, both
occuring in the same month. When the arrest was made, he
was found sitting immediately outside the room where the
liquors were kept. These circumstances defendant did not
attempt to explain, or in any manner to show he had no
interest either in the property or any business conducted in
it. This proof can not be ignored. It tends unequivocally
to point to defendant as the owner of the building and oper-
ator of whatever business was conducted in it. From this
proof, the jury were justified in reaching that conclusion.
The proof detailed made a *prima facie* case, and called on
defendant to rebut it if untrue. This he did not attempt to
do. Convictions of the gravest character, upon evidence no
more conclusive or convincing on the question of guilt, have
repeatedly been sustained by appellate courts.

A conviction of first degree murder, based exclusively upon
circumstantial evidence, coupled with the refusal of the trial
court to grant accused a new trial, was approved in one of
the earliest Virginia cases. *Weeks* v. *Com.,* 2 Va. Cas. 387.
*State* v. *Kiger* 63 W. Va. 451, furnishes another illustration
of the same character. In that case there was no positive
proof of guilt. The purchaser gave Kiger the money with
which to buy two pints of liquor. The liquor was produced
by Kiger. This fact, accompanied by proof that Kiger had

recently received a large quantity of liquor, was held sufficient to sustain the conviction in the absence of any explanation by the accused. *State* v. *Hunter,* 37 W. Va. 744, is authority for the proposition that a verdict sustained by evidence, though somewhat doubtful, will not be set aside although the judge if a juror would have found a different verdict. A case fairly submitted and a verdict fairly rendered should stand, unless manifest wrong or injustice has been done, or unless the verdict plainly is not warranted by the facts proved. See cases cited in 10 Enc. Dig. 457.

The reasons assigned and the authorities cited warrant the conclusion that the instruction given for the state did not prejudice the defendant in view of the facts proved, and that the verdict and judgment against him are not erroneous.

Judgment affirmed.                                    *Affirmed.*