# CHARLESTON.

BEUHRING'S ADM'R *v*. CHESAPEAKE & OHIO R'Y CO.

Submitted June 19, 1890.—Decided December 22, 1892.

(HOLT, JUDGE, Absent.)

MASTER AND SERVANT—INJURY TO EMPLOYE—NEGLIGENCE OF FELLOW SERVANTS.

   A master is not liable for an injury to his servant caused by the negligence of such fellow servant as exempts the master from liability.

GIBSON & MICHIE for plaintiff in error, cited 28 W. Va. 610.

SIMMS & ENSLOW for defendant in error, cited 2 Sher. & Red. Neg. § 483; 28 W. Va. 610; 27 W. Va. 157; Wood. Mas. & Serv. § 438; Sher. Red. Neg. § 476; 20 Mich. 105.

BRANNON, JUDGE:

H. H. Beuhring was run over and killed by an engine, and his administrator brought an action to recover damages therefor in the Circuit Court of Cabell county, which resulted in a judgment for the defendant, the Chesapeake & Ohio Railway Company, and the case has been brought to this Court by said administrator.

The only evidence was in behalf of the plaintiff, which was struck out by the court, and this is the appellant's ground of exception.

The plaintiff can not succeed in the case because:

1. The engineer, to whose negligence the plaintiff attributes the lamentable accident, and the deceased were fellow servants. The deceased was an employe whose duty it was to take and record the number and description of each car in trains coming to the Huntington station. His work was in the railroad yard at that station, and the work of the engineer was running an engine for switching in the same yard, which thus brought them together in the same local-

ity of labor.   The engineer had no control, power or supe-
riority over the car numberer, nor had the latter any over
the former.   I shall not attempt a precise definition of "fel-
low servants."   Many definitions are given, but none seem
to meet universal approval.

The evidence does not raise any nice question under the
law relating to master and servant and fellow servants call-
ing for a lengthy discussion of that law; and, even if it did,
such discussion would be useless and inappropriate, since
the subject has undergone in this Court full investigation
in several cases, settling principles governing this case.
When a servant enters into the employment of a master he
assumes all the ordinary risks incident to the employment,
whether the employment is dangerous or otherwise.   *Berns*
v. *Coal Co.,* 27 W. Va. 285; *Riley* v. *Railway Co.,* Id. 146.
One of those risks is injury from the negligence of his
fellow servant.   Harris, Dam. Corp. § 529; Wood. Mast. &
Serv. § 427.

The master can not answer for the negligence of all his
servants hurting one another.   This would be an embargo
on business.   It would destroy any employer in any call-
ing.   While, as a general rule, the master is liable to the
servant for any negligence of the master's duty, whether
committed by the master himself or one to whom he has
delegated his authority (*Madden* v. *Railway Co.,* 28 W. Va.
610) yet he is not responsible for the negligence of one who
is a mere fellow servant of the servant injured; (Wood,
Mast. & Serv. §§ 416, 427; 1 Shear. & R. Neg. § 180.)

Plainly this engineer and car numberer were fellow ser-
vants.   There was a natural and necessary connection be-
tween the classes of the service they rendered bringing
them into contact with each other in the same place in the
execution of the master's business, which was the pursuit
common to both, and they were under the common pay
and control of that master; and it is no matter that their
work was dissimilar.   Neither was the agent of the master
as to the other, unless you would make every servant the
agent as to every other servant, as if delegated with author-
ity from the master as to every act he performs.   What
Mr. Justice GRAY, in *Randall* v. *Railroad Co.,* 109 U. S.

484 (3 Sup. Ct. Rep. 322) said in relation to the brakeman and engineer there, is applicable to the parties here.

"They are employed and paid by the same master. The duties of the two bring them to work at the same place at the same time, so that the negligence of the one may injure the other in doing his work. Their separate services have an immediate common object—the moving of trains. Neither works under control of the other. Each, by entering into his contract of service, takes the risk of the negligence of the other in performing his service; and neither can maintain an action for an injury caused by such negligence against the corporation, their common master."

In the opinion of *Madden* v. *Railway Co.*, 28 W. Va. 618, the rule is stated to be:

"Two servants of the same master are not fellow servants when one acts in a superior capacity to the other in regard to some duty due from the master, and the master is liable for any injuries to the subordinate caused by the carelessness or negligence of the superior. At one time it was held that to make the master responsible he must have entrusted this superior servant with the actual control of all his business—made him *alter ego*. It was subsequently held that this superior servant must have power to employ and discharge the inferior servant. But now it seems to be considered sufficient that the inferior servant is under the control of the superior servant. It may be said generally that the only case where the old rule has not been impugned is where the servants are so far working together as to be practically co-operating, and to have opportunity to control or influence the conduct of each other, and have no superiority one over the other." See *Riley* v. *Railway Co.*, 27 W. Va. 156.

The company had not delegated to the engineer any authority to discharge a duty it owed to the deceased within the meaning of the rule; the one was not the superior or subject to the control of the other; neither was a middleman or vice principal to the other, so as to come up to the standard to fix liability on the company under the principles of *Madden* v. *Railway Co.*, *supra*, or *Riley* v. *Railway Co.*, 27 W. Va. 145, or *Criswell* v. *Railroad Co.*, 30 W. Va.

798 (6 S. E. Rep. 31). They were simply two servants working for a common master, with no authority vested in either as to the other. The engineer had no control over deceased. I repeat that the fact that the work of the two was dissimilar makes no difference. Wood, Mast. & Serv. § 425; 2 Ror. R. R. 830; Shear & R. Neg. § 224; 2 Thomp. Neg. 1026; Harris, Dam. Corp. § 529.

In *Unfried* v. *Railroad Co.*, 34 W. Va. 260 (12 S. E. Rep. 512) a carpenter engaged in repairing cars and an engineer were held fellow-servants. So in *Valtez* v. *Railway Co.*, 82 Ill. 500, and *Railroad Co.* v. *Murphy*, 53 Ill. 336.

In *Railroad Co.* v. *Harrington*, 62 Tex. 597—a case similar to this as to the employment of the parties—a person whose duty required him to oil car wheels on different tracks in the yard, and injured by the negligence of an engineer whose duty required him to move engines through the yard, was refused relief because they were fellow servants. Like this case also is that of *Wilson* v. *Railroad Co.*, 18 Ind. 226, where a person stationed in a yard to perform various duties, among them coupling and uncoupling cars, but not a brakeman, was held a fellow servant with the engineer.

2. But justice to the engineer requires us to say that no negligence on his part is shown, and this is another fact barring relief to the plaintiff. He was backing his engine the tender foremost, at four miles an hour. The tender was large and tall, and had just been filled with coal, which was piled up high, so that he could not see the unfortunate man, unless he had been at least seventy five yards distant. He had seen Beuhring some time before the accident, not on the track, but between two tracks, where he was safe, talking to another engineer on his engine; and there is evidence to show—in fact it is certain—he did not see Beuhring again until he was taken out dying from under the engine. Had the engineer any reason to suppose that Beuhring would leave his position of safety between the tracks, and get on the track on which the engine was backing? The supposition would be quite the contrary. And would not the engineer suppose that he could see the engine backing in broad daylight? And, even had the en-

gineer seen Beuhring on the track—a proposition not warranted by the evidence—he would be justified in assuming he would get off, especially as he was used to railroads from experience. In fact, we do not know when he got upon the track, or whether, as he sometimes did, he jumped on the tender. He had before that been warned against so doing by this engineer.

3. Another bar in the way of recovery is the contributory negligence of the deceased. He was experienced in the railroad operations in the yard, and its dangers, and knew that this shifting engine plied back and forth in its work. It was nearly mid-day, and he could readily see its movements. He left a place of safety, and stepped into the jaws of death by going upon the track, or attempting to jump upon the tender, thus bringing the dread calamity upon himself, either through his own failure to see the train, when he could and should have seen it, or by his own recklessness. If a servant willfully encounter dangers known to him, or notorious or apparent (and these were) the master is not responsible. *Humphreys* v. *Newport News, etc., Co.* 33 W. Va. 135 (10 S. E. Rep. 39).

It is simply another of those dreadful accidents that befall those connected with railroad operations, for which no one is culpable. There was no evidence showing in an appreciable degree negligence in the engineer; and, if there had been, he was a fellow servant with the deceased, and the latter was chargeable with contributory negligence. Therefore the evidence was properly stricken out, and we affirm the judgment.

Affirmed.

Note. Attention is called to a recent lucid opinion by Judge Barclay of the Supreme Court of Missouri, in *Dixon* v. *R. R. Co.*, 19 S. W. Rep. 412 (109 Mo.—) containing a valuable discussion and collection of authorities on the subject of Fellow Servants.