## Blankenship's Admr. v. Norfolk & Western Railway Company.

### (Decided March 1, 1912.)

### Appeal from Pike Circuit Court.

1. Tort—Duty of Railroad Company to Track-Walker.—A railroad company does not owe its track-walker the duty of notifying him of the approach of trains.

2. Tort—Duty of Track-Walker—Contributory Negligence.—It is the duty of a track-walker to take such care of himself in the performance of his duties as will prevent him from being injured by passing trains; and, if he fails to exercise such care and is

killed by reason of his own negligence he cannot recover damages from the company.

ROSCOE VANOVER for appellant.

J. R. JOHNSON, JR. and HOLT & DUNCAN for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

On June 12, 1910, Elbert S. Blankenship was killed at Lynn, in Mingo County, West Virginia, by one of appellee's trains. At this point appellee's road is double-tracked. Blankenship was a track walker in the service of the appellee, and it was his duty, under that employment, to walk upon and along both the east and west-bound tracks of the road in his section, with a view of ascertaining whether or not the track was safe, and to do light repair work thereon, such as tightening bolts, driving in spikes, etc., whenever he found such work necessary in order to keep the road in good repair. He had been engaged in this particular character of work for the appellee about three months, making daily trips over both tracks within that section of the road. Prior to this particular employment he had been working for the appellee as a section hand for some time, in the immediate neighborhood of Lynn, where the accident occurred. On the day of the accident Blankenship had walked over the tracks on that part of the section which lies west of Lynn; had returned to Lynn at noon; had eaten his dinner, and was doing the work of spiking down some plates on the southern or eastbound track when an eastbound freight train approached. Upon the approach of this eastbound train Blankenship stopped work and stepped off on to the north track, and stood there looking at the passing eastbound train; and while so engaged, and when about three-fourths of the eastbound freight train had passed, Blankenship was struck by a westbound train and instantly killed. At this point of the road the tracks curve sharply toward the southeast, so that the view of the engineer upon the westbound train was obscured by the eastbound train to such an extent that Blankenship could not be seen by the engineer on the westbound train until the engine of that train was within about 75 feet of the point where the accident occurred. It was then impossible to stop the train so as to prevent the accident, although every effort was made to do so.

Blankenship's administrator brought this action

under the West Virginia Statute, and alleged that Blankenship's death was the result of appellee's negligence in not sounding the whistle or ringing the bell of its engine, and without any notice or warning to Blankenship of the approach of the train. Appellee answered, denying negligence on its part; interposed a plea of contributory negligence in a second paragraph; and in the third paragraph it plead that plaintiff's intestate lost his life in West Virginia; and that if Blankenship's death was the result of negligence, it was the negligence of the fellow-servants of Blankenship, for which appellee was not liable under the laws of West Virginia.

At the conclusion of all the testimony the court peremptorily instructed the jury to find for the defendant, and from a judgment upon that verdict this appeal is prosecuted by Blankenship's administrator.

Blankenship worked under the supervision of Viars, the section foreman of the railway company; and, although the cause of action was originally based upon the alleged negligence of the engineer in charge of the westbound train in failing to ring the bell or blow the whistle, the case was rested chiefly, if not entirely, upon the alleged negligence of Viars in not notifying Blankenship that the extra or westbound train which struck him, was coming. In other words, appellant contends that it was the duty of the company, through its section foreman, to notify Blankenship of every train that was coming in either direction; and that this duty removes the case from the control of the fellow-servant rule.

The substance of appellant's contention is, that Blankenship and Viars were not fellow-servants under the law of West Virginia; and that the accident having been caused by the negligence of Viars, who was Blankenship's superior, in failing to notify Blankenship of the approach of the train, appellee was, under the West Virginia fellow-servant law, liable for the negligence of Viars, its section boss.

For the purpose of showing the law of West Virginia, appellant put in evidence the opinions of the Supreme Court of Appeals of West Virginia in Criswell v. The Pittsburg Railway Co., 30 W. Va., 798, and Turner v. N. & W. Railway Co., 40 W. Va., 675; and for the same purpose, the appellee put in evidence the opinions of the same court in Buehring's Admr. v. C. & O. R. R. Co., 37 W. Va., 502; Unfried v. B. & O. R. R. Co., 34 W. Va., 260;

and Jackson v. N. & W. Railway Co., 43 W. Va., 380, 46 L. R. A., 337.

Blankenship was employed by Viars, and was under his general supervision. The West Virginia law of fellow-servant is to be found in Jackson v. Norfolk & Western Railway Co., supra, which is the latest of the cases put in evidence for the purpose of proving the law of that State. But we do not deem it necessary to go into the question of the West Virginia fellow-servant law, or its application to this case, since appellant can not recover in the absence of negligence on the part of appellee, even though Blankenship and Viars were not fellow-servants. That they were fellow-servants under the West Virginia law as announced in the Jackson case, supra, we think is clear; but we think it is also clear from the proof that there was no negligence on the part of any of appellee's servants; and, that being true, appellant can not recover in any event. Appellant's contention that appellee is liable if Blankenship and Viars were not fellow-servants, is based upon the double assumption that appellee failed in some duty it owed Blankenship, and that Blankenship was not guilty of contributory negligence; neither of which assumptions is true.

It is true the westbound train that killed Blankenship was an "extra" or special train, and did not run according to the printed schedule; but it can not be said that a track walker, whose business it is to be upon the track during the entire working day, is to be supplied with, or is in need of information as to the approach of trains for his own protection. He works upon different parts of the track, and his ordinary faculties of sight and hearing are entirely sufficient, and all that are usually required, to protect him against danger from moving trains.

It is apparent, therefore, that Viars was not negligent in any respect. We have been referred to no case, or authority of any kind, which holds that it is the duty of the company to give a track walker notice of the approach of trains. Evidently, from the very nature of the case, it would be unreasonable, and impracticable, as well as unnecessary, to undertake such a duty. His work as a track walker necessarily placed Blankenship upon the tracks of the road, and it goes without argument that the duty was imposed upon him to take such reasonable care of himself in the performance of his duties as would prevent him from being injured by a passing train. In

failing to do so in this case, he was guilty of the grossest negligence, for which he can blame no one but himself.

The judgment of the lower court was right, and is affirmed.