# CHARLESTON.

Harry B. Coal Company *v.* Deveny-Murphy Apartment Company *et al.*

(No. 5034)

Submitted March 3, 1925. Decided January 19, 1926.

Appeal and Error—*Verdict Supported by Law and Evidence Should Not be Disturbed Because of Erroneous Instructions Before Jury.*

A verdict clearly supported by the law and the evidence

should not be disturbed because of erroneous instructions before the jury.

(Appeal and Error, 4 C. J. § 3014.)

(Note: Parenthetical references. by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Marion County.

Ejectment by the Harry B. Coal Company against the Deveny-Murphy Apartment Company and others. Judgment for defendants and plaintiff brings error.

*Affirmed.*

*Ward Lanham* and *H. H. Rose,* for plaintiff in error.

*Harry Shaw, C. Brooks Deveny, L. T. Eddy* and *Charles Powell,* for defendants in error.

LITZ, PRESIDENT:

The plaintiff prosecutes error to the judgment of the circuit court upon a verdict for the defendant in an action of ejectment. The subject of controversy, a strip of land 5½ feet wide and 65 feet long, is part of Lot 48, adjoining Lot 47, in the city of Fairmont and more clearly appears from the accompanying plat. Both parties claim under Michael Carney, who acquired Lot 48, fronting on Madison Street between Lot 47 and Hull Alley, and running back 165 feet, by deed from William Fleming dated April 5, 1831.

CHAIN OF TITLE OF THE PRINCIPAL DEFENDANT DEVENY-MURPHY
APARTMENT COMPANY:

By deed dated February 9, 1841, Michael Carney conveyed to Francis Christie a fraction of Lot 48:

"Beginning at the line of the lot now occupied by Joseph Roberts and running south down said line 49½ feet, it being in front of Madison Street and extending back 21 feet, being the same fraction whereon the said Christie now resides."

On January 29, 1842, Michael Carney conveyed to Francis Christie part of Lot 48 "fronting on Madison Street 77 feet and back on Hull Alley 65 feet."

By deed of November 1, 1892, Francis Christie and wife conveyed to their son Cornelius F. Christie a part of Lot 48:

"Beginning in the western line of Madison Street at the S. E. Corner of Lot No. 47; and running thence with the Southern line of Lot No. 47, sixty-five feet to a stake; thence, parallel with said Madison Street, twenty-two feet to a stake; thence parallel with Adams Street sixty-five feet to a stake in the said Western line of Madison Street; and thence with the same twenty-two feet to the beginning."

Francis Christie died February 15, 1894, leaving his real estate, by will, to his wife, Bridget Christie, for life, and remainder to his six surviving children, one-seventh each to Mary Frances Fleming (nee Christie), Lavarie Christie, Lee Ann Christie, George E. Christie and M. D. Christie, and two-sevenths to Cornelius F. Christie. Cornelius F. Christie died January 4, 1901, leaving all his real estate by devise to his two sisters, Mary F. Fleming and Lee Ann Christie. Lee Ann Christie died in January, 1911, leaving her real estate, by will, to her brother Matthew D. Christie; and upon the death of Mary F. Fleming her interest in said land passed by inheritance to her only child and heir, Willie M. Fleming. In 1911 a suit was brought in the circuit court of Marion county to partition that portion of Lot 48 of which Francis Christie died seized. The land involved in said cause was sold and conveyed by B. L. Butcher, special commissioner

therein, to Matthew D. Christie and Willie M. Fleming, in the proportion 3/5 to the former and 2/5 to the latter. The deed therefor, dated April 15, 1912, describes the real estate as:

"Fronting on Madison Street 55 feet and running back an equal width of 65 feet along Hull Alley, being part of the Francis Christie home place and bounded on the North by Madison street, on the East by Hull Alley, on the South by property owned by the late Michael Carney, and on the West by the property of said Christie and Fleming."

Christie and Fleming, at the time of this conveyance, owned the portion of Lot 48, 22 by 65 feet, adjoining Lot 47, conveyed to Cornelius F. Christie by deed from Francis Christie, dated November 1, 1892.

By deed dated April 24, 1912, Matthew D. Christie and wife, and Willie M. Fleming and wife conveyed to Frank M. Murphy and Thomas A. Deveny:

"All that certain piece or parcel of land, fronting and abutting on the West side of Madison Street, 77 feet to the line of Hull Alley, and extending along and back with the line of said Hull Alley a distance of 65 feet, and being the same property that was conveyed by Michael Carney and wife to Francis Christie, by deed bearing date on the 29th day of January, A. D. 1842, and of record in the office of the Clerk of the County Court of said Marion County in Deed Book Number 1, at page 35, and which said property aforesaid is a part of lot Number Forty-eight (48) in the original plat of the Town of Middletown, now a part of the said City of Fairmont, of the said above described parcel of land, twenty-two (22) feet thereof, fronting on said Madison Street and extending back with a uniform width of twenty-two (22) feet, a distance of sixty-five (65) feet, were conveyed by said Francis F. Christie and wife to Cornelius Christie, by deed bearing date on the 1st day of November, A. D. 1892, and of record in the office of the Clerk of the County Court of said Marion County in Deed Book Number 174, at page

497, which said twenty-two feet aforesaid, were afterwards devised by said Cornelius F. Christie to his two sisters, Mary F. Fleming and Lee Ann Christie, both of whom are deceased, their respective interests having passed as follows: That owned by Mary F. Fleming, deceased, to said Willie M. Fleming her only child and heir at law; and that owned by Lee Ann Christie was devised by her last will and testament to the said Matthew D. Christie. And the residue of said parcel of land, to-wit, fifty-five (55) feet fronting on said Madison Street, was conveyed by B. L. Butcher, Special Commissioner, to the said Matthew D. Christie and Willie M. Fleming, by deed bearing date on the 15th day of April, A. D. 1912, and of record in said County Clerk's office, in Deed Book Number 182.''

April 30, 1913, Frank M. Murphy and wife, and Thomas A. Deveny and wife conveyed the property, by the same description, to the defendant Deveny-Murphy Apartment Company, a corporation.

PLAINTIFF'S CLAIM OF TITLE:

A copy of deed dated November 15, 1843, from Michael Carney to Thomas L. Boggess, conveying ''a certain house and lot in the town of Fairmont which said Carney now resides in, adjoining property now owned by Francis Christie,'' to secure the payment of $14.90 to Thomas J. Conaway, was offered in evidence, but was excluded on the ground that it was not properly authenticated.

Copy of deed, dated May 13, 1844, from Thomas L. Boggess to John, son of Michael, Carney, purporting to convey the property pursuant to a sale made under the foregoing deed, was admitted in evidence as color of title. John Carney died, intestate, March 18, 1892, survived by his widow, and daughter Mary M. Hartley, both of whom later died, also intestate. By deed dated January 4, 1921, Carney Hartley and others, heirs-at-law of Mary M. Hartley, deceased, conveyed to the plaintiff Harry B. Coal Company, a corporation: (1) a portion of said Lot 48, 55 feet 4 inches on Hull Alley, running back 82½ feet more or less to Lot 47, situate 65 feet

from the western line of Madison Street, with covenants of general warranty of title; and (2) the strip of land in controversy, with special warranty of title.

The plaintiff claims that no part of the land in question was embraced in either of the deeds from Michael Carney to Francis Christie, dated February 9, 1841, and January 29, 1842, or at least that the latter conveyance did not include any of it. This contention has as its basis the alleged fact that Lot 48 fronts 82½ feet on Madison Street, and the theory that this small strip of land was retained by Michael Carney as an outlet to Madison Street from that portion of Lot 48 on which he resided. The defendant Deveny-Murphy Apartment Company, on the other hand, asserts that the deed of February 9, 1841, conveyed 21 feet of the disputed strip, and that the conveyance of January 29, 1842, granted the whole. There can be no doubt that the first deed, plainly fixing the beginning corner in a line of Lot 47, embraces the land for a depth of 21 feet from Madison Street. Carney, therefore, having previously conveyed the land in controversy for a distance of 21 feet from Madison Street, the theory of the plaintiff that he intended, at the time of executing the deed of January 29, 1842, to retain all or any of it for an outlet is without foundation. Buildings abutting Madison Street and used and occupied by Francis Christie from 1841 until destroyed by fire in 1876, were constructed completely over the said strip of land for a considerable depth.

Whether or not Hull Alley should be located according to the theory of the plaintiff so as to give a frontage of 82½ feet to Lot 48 on Madison Street, it seems that until within recent years the parties interested in Lot 48 treated this frontage as being only 77 feet, which no doubt accounts for the description of the land conveyed by the deed of January 29, 1842, as "fronting on Madison Street 77 feet and back on Hull Alley 65 feet." It is, however, unnecessary for a decision of this case to determine whether the deed of January 29, 1842, includes the land in dispute, because immediately after the destruction by fire of the buildings of Francis Christie in the year 1876, another building was constructed under his authority on the site of the first building, extending on to

the land in dispute. This building was occupied continuously by Francis Christie, Cornelius F. Christie, and those claiming under them from the time of its construction until 1912. By such possession for a period of ten years under the deed from Francis Christie to Cornelius F. Christie (dated November 1, 1892) as color, title became vested in the successors of Cornelius F. Christie, there being no evidence worthy of consideration tending to show that those under whom the plaintiff claims occupied or exercised acts of ownership over any portion of the land within this time.

It is therefore unnecessary to consider the points of error assigned going to the action of the trial court in granting and refusing instructions. A verdict clearly supported by the law and the evidence should not be disturbed because of erroneous instructions before the jury. *Wiggin* v. *Dillon,* 66 W. Va. 313; *Reilly* v. *Nichols et al.,* 72 W. Va. 189, 191, 77 S. E. 897.

No other ground of technical error having been assigned or relied on, the judgment of the circuit court will be

*Affirmed.*