## CHARLESTON.

Emma Lyon *et al. v.* Grasselli Chemical Company

(No. 6195)

Submitted November 20, 1928. Decided December 11, 1928.

*Hoffheimer & Templeman, Melvin G. Sperry* and *E. G. Smith,* for plaintiff in error.

*Hogg & Hogg* and *E. A. Bartlett,* for defendants in error.

LITZ, JUDGE:

The defendant, Grasselli Chemical Company, obtained this writ to a judgment rendered against it upon a verdict of $2,000.00 in favor of the plaintiffs, Emma Lyon and Ellis Lyon, her husband, for damages to her real estate, in an action of trespass on the case, which was instituted April 19, 1924.

Emma Lyon is the fee simple owner of a tract of land in Harrison county containing about 65 acres where she and her husband, Ellis Lyon, have for many years resided. The defendant also owns a boundary of 195 acres of land in said county on which it maintains a zinc smelting plant situate about 2000 feet from her land, which has been in operation since 1911. It is charged that dust, fumes and gases, emanating from this plant and carried by the air to the Lyon tract and other neighboring lands, have seriously injured the fertility and productivity of the soil. Numerous actions for damages have been brought against the Chemical Company by the respective land owners within the affected area, the first series of which were commenced in 1919. A judgment recovered, in one of these first cases, on the basis of permanent injury to the land, was reversed by this Court on the ground

that the injury was, in legal contemplation, temporary only. *Bartlett* v. *Grasselli Chemical Company*, 92 W. Va. 445. In the fourth point of the syllabus it is held that damages to land, occasioned by emission of smoke, gases, dust and fumes from smelting furnaces maintained and operated on an adjoining or neighboring tract of land, causing deposit of chemical substances which impair its enjoyment, productiveness and value, are temporary in the legal sense of the term, and permanent damages are not recoverable for such an injury.

This is the second action by these plaintiffs. The first, in which they recovered judgment March 29, 1924, was instituted March 7, 1919. The original declaration in this case alleges the creation and maintenance of a nuisance by the defendant in the construction and operation of its chemical plant, resulting in injury to the land of the plaintiff, Emma Lyon. The declaration was amended December 17, 1925, by pleading the judgment in the former action, charging wilful continuation of the nuisance by defendant thereafter, and alleging that plaintiffs are joint owners of the land. The declaration was again amended February 15, 1926, by striking out the allegation in the first amendment of joint ownership of the property by the plaintiffs, and inserting in lieu thereof the averment, as originally made, of fee simple ownership in the female plaintiff.

The judgment complained of rests upon evidence tending to show the difference between the rental value of the land in its injured state and what would have been its rental value without the injury for five years next preceding the commencement of the action.

Error is assigned to the rulings of the trial court, (1) in permitting the amendments to the declaration; (2) in rejecting certain pleas of the statute of limitations tendered by the defendant; (3) in holding that the injury complained of is temporary only; (4) in fixing the measure of damages as the difference between the rental value of the property in its injured and uninjured state; (5) in giving face value to the pleadings, orders and instructions in the former action as evidence in this case; and (6) in authorizing the jury to find punitive damages.

The first amendment to the declaration is objected to upon the theory that it introduces a new or different cause of action by "implying a claim for exemplary damages." The fallacy of this argument results from a failure to recognize the fact that the right to recover punitive damages in any case is not the cause of action itself, but a mere incident thereto. Section 12, chapter 104 of the Code, providing that suit shall be brought within a year next after the right to bring the same shall have accrued, if it be for a matter of such nature that, in case a party die, it cannot be brought by or against his administrator, has reference to the cause of action and not to the standard of recovery or measure of damages, to be applied in the suit. The pleas of the statute of limitations tendered by the defendant upon the theory that the right to recover punitive damages is a cause of action were properly rejected.

The second amendment, stating the true ownership of the property, in no wise changed the form of action. The husband may join the wife in a suit for damages to property owned by her individually or jointly with him.

The defendant insists that the injury to the land is permanent and that the decision in the Bartlett case is wrong in principle. The basis of this argument is that because of a pulverized condition of the soil, due to the said dust, fumes and gases, a part of it has been washed and blown away, and a liberal application of fertilizers would be required to restore the remainder to its original fertility and productivity if the plant should permanently cease operation. If the question were one of first impression, serious consideration would be given to this contention. But as the ruling in the *Bartlett* case was followed in the trial of the former action between these parties, the application of a different ruling in this action would work grave injustice to the plaintiffs. The *Bartlett* case (in which the facts are substantially similar to the facts in this case) was in fact and has been treated as a test case for the guidance of the circuit court in the trial of other actions growing out of the alleged nuisance. We are, therefore, constrained to adhere to its rulings.

Treating the injury as temporary only, the correctness of the measure of damages applied is unquestionable. *Pickens*

v. *Boom and Timber Company,* 51 W. Va. 445; *Hurx Thal* v. *St. Lawrence Boom and Manufacturing Company,* 65 W. Va. 346; *Ervin* v. *City of Oewelin,* L. R. A. 1916E, 991.

The, plaintiffs introduced in evidence the pleadings, orders and instructions in the former action. The court instructed the jury that in view of this evidence, the questions to be decided, in determining the liability of the defendant, were whether or not the injury complained of in the former action has continued since its institution, and, if so, whether or not the continued injury has operated to lessen the rental value of the land of the plaintiff, Emma Lyon. The weight given to this evidence was proper under the familiar principle of former adjudication. The question of punitive damages, for the continuation of the nuisance after the judgment in a former action, was submitted to the jury. Whether this was proper or not, such action of the trial court is not sufficient for reversal, because the compensatory or actual damages established by the uncontradicted evidence is in excess of the verdict. A verdict clearly supported by the law and the evidence should not be disturbed because of erroneous instructions. *Harry B. Coal Company* v. *Deveny-Murphy Apartment Company,* 100 W. Va. 629.

The judgment of the circuit court is, therefore, affirmed.

*Affirmed.*