GEORGE R. AKERS *v.* NORFOLK & WESTERN RAILWAY COMPANY

(No. 7202)

Submitted May 24, 1932. Decided May 31, 1932.

*Walter G. Burton,* for plaintiff in error.
*Reynolds & Reynolds, Sanders, Crockett, Fox & Sanders,*
and *F. M. Rivinus,* for defendant in error.

WOODS, JUDGE:

This is an action to recover damages for personal injuries
and the destruction of an Essex coupe. Error is prosecuted
to a judgment for the defendant, based upon a jury verdict.

It appears that plaintiff was attempting, in the nighttime,
to cross defendant's track, at a public railroad crossing, in
the town of Giatto, Mercer County, when his automobile was
suddenly struck by defendant's train, consisting of a caboose,
tender and engine, approaching the crossing in the order
named. The highway crosses the track, which runs east and
west through the town, at about right angles. Forty feet
north of the tracks is a narrow cement bridge, twenty-two
feet in length. Plaintiff stopped at the north end of the
bridge and looked and listened. From this point he could
not possibly have seen more than sixty feet up the track from
the crossing. Had he stopped thirty feet from the crossing
his view would have been unobstructed for a distance in
excess of 420 feet. Plaintiff was familiar with the operations

of trains in the locality, and knew that many times they had to back over this crossing. He states that when he stopped at the north end of the bridge that he neither heard nor saw any evidence of an approaching train; that he proceeded to the crossing at about six miles per hour; that when fifteen feet from the track he saw no train coming from the west; that he was on the track before he saw it, just before he was struck. It appears from his evidence that an automobile proceeding north on the highway had stopped fifteen to twenty feet to the south of the crossing, and that other cars coming up in the rear also stopped. This he attempts to explain on the ground that the bridge was narrow—a one-way bridge. He denies statements, attributed to him immediately after he had extricated himself from the wrecked automobile, to the effect that the light of the automobile on the south side of the track blinded him. He admits that the window in the right door of the coupe was closed, but insists that the one on the left was down six inches, although the other evidence is that it also was closed. There is positive testimony of the giving of the statutory signals, while some witnesses state that they heard neither bell nor whistle. The speed of the train was placed at twelve miles per hour. All witnesses, both for the plaintiff and defendant, who saw the train approaching saw the fusee on the back of the caboose. This made a very bright red light, and illuminated the interior of the stores fronting on the railroad right of way and approximately 30 feet from the track. It seems apparent that the plaintiff was either blinded by the lights of the automobile on the south side of the crossing or did not look from a point which would have been availing. In other words, he was guilty of negligence.

Reversal of the judgment is sought on the giving and refusal of certain instructions. Plaintiff's No. 1, dealing with the statutory requirements in regard to warning signals, was given. Nos. 2, 3 and 4, however, were properly refused. No. 2, among other things, was binding; No. 3 would have the jury find for plaintiff should defendant fail to prove contributory negligence; and No. 4 states that plaintiff has a

right to assume that the necessary statutory signals will be given and to act thereon, unless he actually saw, or knew of the approach of, the train, etc. Practically all the instructions given at the instance of the defendant are attacked as erroneous. No. 2, we must admit, is inaptly drawn, and its form is not sanctioned. Its whole import, however, is that the plaintiff must exercise reasonable care. While the other instructions may be faulty in different respects, yet, in view of the case before us, we cannot see wherein their giving could have prejudiced the plaintiff's case. "A verdict clearly supported by the law and the evidence should not be disturbed because of erroneous instructions before the jury." *Harry B. Coal Company* v. *Deveny-Murphy Apartment Co.*, 100 W. Va. 629, 131 S. E. 354.

The judgment is accordingly affirmed.　*Affirmed.*